United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZHENHUA LOGISTICS (HONG KONG) CO., LTD., | No. C-13-2658 EMC |
| Plaintiff, | **ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR LEAVE TO AMEND; AND GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION TO DISMISS** |
| v. | |
| METAMINING, INC., *et al.*, | |
| Defendants. | **(Docket Nos. 66, 78)** |
| _____/ | |

Plaintiff Zhenhua Logistics (Hong Kong) Co., Ltd. has filed suit against multiple defendants based on an alleged breach of contract by Metamining, Inc. and an alleged fraudulent transfer by Metamining to Ouro Mining, Inc. and two Metamining officers, *i.e.*, Ling Li and Song Qiang Chen. The current operative complaint is the first amended complaint ("FAC"). Currently pending before the Court are two motions: (1) a motion to dismiss filed by Metamining, Mr. Li, and Mr. Chen and (2) a motion for leave to file a second amended complaint ("SAC") by Zhenhua.

Having considered the parties' briefs and accompanying submissions, the Court finds this matter suitable for disposition without oral argument and **VACATES** the hearing set for September 19, 2013. The Court **GRANTS** Zhenhua's motion to amend and **GRANTS** in part and **DENIES** in part the motion to dismiss for the reasons discussed below.

## I. DISCUSSION

The Court addresses first the motion to amend because, if the motion is granted, then the motion to dismiss the claims asserted in the FAC will largely be rendered moot, although the Court

recognizes that some of the arguments raised in the motion to dismiss will still be applicable to the proposed SAC.

A. Motion to Amend

Under Federal Rule of Civil Procedure 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In general, "[f]ive factors are taken into account to assess the propriety of a motion for leave to amend: bad faith, undue delay, prejudice to the opposing party, futility of amendment, and whether the plaintiff has previously amended the complaint." *Johnson v. Buckley*, 356 F.3d 1067, 1077 (9th Cir. 2004).

The factors above all weigh in favor of allowing the amendment. First, there is nothing to show that Zhenhua unduly delayed in seeking the amendment, particularly as this case was only filed in June 2013. Second, the amendment is not prejudicial to Metamining. As indicated above, this case is still in its infancy; indeed, no trial date has been set as of yet. Third, the amendment can hardly be said to be futile, especially because Zhenhua has not added any new claims to the amended complaint. In fact, Zhenhua has dropped claims in the amended complaint. Fourth, Zhenhua's amendment does not appear to be motivated by bad faith. Finally, while Zhenhua has previously amended its original complaint (one time), that seems to have been a fairly minor amendment that was made the day after the complaint was filed.

Accordingly, the Court grants Zhenhua's motion for leave to amend. Immediately after receipt of this order, Zhenhua shall file the proposed SAC that was attached to its motion. *See* Vafidis Decl., Ex. A (proposed SAC).

B. Motion to Dismiss

Because the Court is granting Zhenhua's motion, the motion to dismiss filed by Metamining, Mr. Li, and Mr. Chen is rendered moot as that motion was formally directed to the FAC.

However, the Court recognizes that some of the arguments made in the motion are still applicable to the SAC which the Court has allowed Zhenhua to file and, in the interest of justice, the Court shall address those arguments.

Metamining's main argument is that the case should be dismissed because the proper forum for the case is the arbitration, not this Court. In response, Zhenhua does not really dispute that the

arbitration is the proper forum for its claim for breach of contract. Its main point is that it has initiated this case largely to ensure that it can obtain judicial relief *in aid of* arbitration.

The Court's prior order denying Zhenhua's request for a preliminary injunction recognized that judicial relief in aid of arbitration might be warranted. *See* Docket No. 62 (Order at 5) (stating that "the Court does not bar Zhenhua from seeking relief from this Court should, *e.g.*, an arbitrator issue preliminary injunctive relief to Zhenhua which Zhenhua then seeks to enforce in this Court or should Zhenhua demonstrate that, despite diligent attempts to exhaust arbitral remedies, the tribunal refuses to issue interim relief on ground unrelated to the merits"). Accordingly, the Court shall not dismiss the instant case but rather shall stay it, a remedy that Metamining has essentially requested as alternative relief. *See* 9 U.S.C. § 3 (providing that a court shall stay a case pending an arbitration upon application by of one of the parties); *RoadTechs, Inc. v. MJ Highway Tech., Ltd.*, 79 F. Supp. 2d 637, 639 (E.D. Va. 2000) (noting that "neither the Convention itself nor its implementing legislation expressly confers upon district courts the authority to stay an action pending arbitration" but adding that § 208 allows incorporation of the FAA where there is no conflict and finding that § 3 presents no conflict).

To the extent Zhenhua has suggested that there should not be a stay now but only after it has conducted some discovery into whether Metamining violated the TRO, the Court rejects that argument. Zhenhua has not put forward any good faith basis as to why it believes Metamining has violated the terms of the TRO. The Court acknowledges that, in his declaration, Zhenhua's counsel claims that, "[b]ased on the investigation conducted thus far, Zhenhua has a good faith basis to believe that after the date when the action was filed and served on Metamining, Metamining has transferred assets outside California," Vafidis Decl. ¶ 4, but that declaration is problematic for at least two reasons: (1) It is conclusory and does not provide any details at all; and (2) it does not address whether Metamining transferred assets *after the TRO issued*.

The Court emphasizes that this case and any further interlocutory relief should be pursued in the arbitration. The jurisdiction retained by the Court in aid of arbitration is narrow.

The Court therefore denies Metamining's motion to dismiss but grants its alternative request for a stay. The stay shall take effect immediately upon the filing of this order. Before effecting the stay, however, the Court also grants Metamining's motion to dismiss the claim for injunctive relief.

## II. CONCLUSION

For the foregoing reasons, the Court grants Zhenhua's motion to amend. The Court also grants Metamining's motion to dismiss the claim for injunctive relief, as pled in the SAC, but otherwise denies the motion. Finally, the Court grants Metamining's alternative request for a stay. The stay shall take effect immediately upon the filing of this order, but this ruling does not preclude Zhenhua from asking for judicial relief in aid of arbitration under the narrow terms previously prescribed by this Court (to enforce orders of relief granted in arbitration).

The case management conference set for October 10, 2013, is **VACATED** and rescheduled for March 13, 2013, at 10:30 a.m. The parties shall file a joint case management conference statement one week prior thereto.

This order disposes of Docket Nos. 66 and 78.

IT IS SO ORDERED.

Dated: September 6, 2013

_____
EDWARD M. CHEN
United States District Judge

4